**UNITED STATES of America**

v.

**Juan A. SANCHEZ, a/k/a Nino, a/k/a Jose Veris, a/k/a/ Jose Veras, a/k/a Alex, a/k/a Jaime Hernandez, a/k/a Jimmy Hernandez**

**Juan A. Sanchez, Appellant.**

**No. 09-3082.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Feb. 25, 2010.

Opinion Filed: March 12, 2010.

Christy H. Fawcett, Esq., Office of United States Attorney, Harrisburg, PA, for Appellee.

Ronald A. Krauss, Esq., Office of Federal Public Defender, Harrisburg, PA, for Appellant.

Juan A. Sanchez, California City, CA, pro se.

Before: CHAGARES, STAPLETON and LOURIE,* Circuit Judges.

---

* Hon. Alan D. Lourie, United States Circuit Judge for the Federal Circuit, sitting by desig-

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Juan Sanchez appeals the District Court's denial of his motion for a modification of his sentence in light of the retroactive amendments to the crack cocaine Sentencing Guidelines. His attorney has moved to withdraw his representation under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We will grant the motion to withdraw and will affirm the District Court's order.

This Court's rules provide that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders*." 3d Cir. LAR 109.2(a). If we concur with trial counsel's assessment, we "will grant [the] *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* Accordingly, our "inquiry when counsel submits an *Anders* brief is thus twofold …:(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001).

Our review of the record has convinced us that trial counsel's *Anders* brief is adequate and that there are no nonfrivolous grounds on which to challenge the District Court's denial of Sanchez's motion for a sentence reduction.

■ The District Court correctly held that Sanchez was ineligible for a sentence reduction under the retroactive amendments to the crack cocaine Sentencing Guidelines. While the amendments to U.S.S.G. § 2D1.1 lower the base offense

nation.

level for most offenses involving crack cocaine, they do not apply here. Application Note 10 to U.S.S.G. § 2D1.1 provides in pertinent part that the two-level reduction "shall not apply" when "the [two]-level reduction results in a combined offense level that is less than the combined offense level that would apply ... if the offense involved only the other controlled substance(s) (*i.e.,* the controlled substances other than cocaine base)." U.S.S.G. § 2D1.1 cmt. n. 10(D)(ii)(II). Here, the District Court found that, if Sanchez's Guidelines sentence were recalculated disregarding the crack cocaine, the marijuana equivalent drug weight would total 793.219 kilograms. That weight yields the same base offense level of 30 that was utilized at Sanchez's original sentencing. Thus, a two-level reduction for Sanchez would result in a base offense level less than the offense level that would apply in the absence of any crack cocaine. We find no error.

 Sanchez, in his supplemental *pro se* briefing before the District Court and this Court, seeks review of alleged errors occurring in his original sentencing and proceedings on his subsequent motion under 28 U.S.C. § 2255.[1] However, as the District Court recognized, 18 U.S.C. § 3582(c)(2) only authorized it to apply Amendment 706. It did not allow the District Court to visit other sentencing issues. *United States v. Mateo,* 560 F.3d 152, 155–56 (3d Cir.2009).[2]

Because our independent review of the record fails to reveal any nonfrivolous grounds for appeal, we will grant counsel's motion to withdraw and will affirm the judgment of the District Court. In addition, we certify that the issues presented in this appeal lack legal merit and thus that counsel is not required to file a petition for writ of certiorari with the Supreme Court. 3d Cir. LAR 109.2(b).

---

1. Specifically, as set forth in his briefing, Sanchez tendered the following questions for review:

   1. The threshold question before the Court is, did the District Court fail to correct a plain error in the application of the Sentencing Guideline in the first Section 2255 petition and abused its discretion in denying a section 2241 petition for the unlawful sentence imposed for Count III.

   2. The District Court erred during the review of the first Section 2255 petition. The plain error was obvious under the law at the time of review and it affected the appellant's substantial rights.

   3. The appellant entered a non stipulated guilty plea for Title 18 U.S.C. § 1028(a)(1). The punishment sub-section cannot be cross-referenced under 2X1.1 to apply 2D1.1 for Count III.

   4. The sentence imposed was improperly grouped in violation of Fed. R. Cr. Proc. Rule 8(a) by the probation officer.

2. Sanchez filed a motion in the District Court under 28 U.S.C. § 2241 and asserts that it provided the necessary authority to entertain his additional issues. However, a defendant can challenge a federal conviction or sentence under § 2241 only if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). As the District Court found, Sanchez has not provided an acceptable explanation of why § 2255 is "inadequate" or "ineffective" here. *See Cradle v. United States,* 290 F.3d 536 (3d Cir. 2002).